Houston, East & West Texas Railway Telegraph Co. v. Davidson, Hardeman & Co. et al.

Delivered February 4, 1897.

1.    **Telegraph Company — Negligence — Cipher Message — Consequential Damages.**
The sender of a cipher message cannot recover consequential damages resulting from the negligent delay of the telegraph company in its transmission, unless the company is in some way notified of the nature of the matter to which it relates.

2.    **Same—Contents of Cipher Message—Notice.**
Information given to the agent of a telegraph company that a cipher message is important does not charge the company with notice of the matter to which it relates.

3.    **Pleading—Allegations of Petition—Measure of Damages.**
In an action against a telegraph company for delay in the transmission of a telegram accepting an offer to purchase cotton, the petition was defective in not alleging when plaintiffs learned of the refusal of the prospective purchaser to take the cotton, and where the cotton then was, these facts being important in measuring the damages.

Appeal from the County Court of Nacogdoches.    Tried below before Hon. J. L. M. Purtle.

*W. H. Wilson* and *Baker, Botts, Baker & Lovett,* for appellant.— 1.    A telegraph company, in transmitting a cipher message the meaning and value of which are wholly unknown to it, is not liable for consequential damages, such as the loss of the profits on a sale, such damages not

being within the contemplation of the parties at the time of the contract. To render the company liable for such consequential damages, they must have been within the contemplation of the parties at the time the message was transmitted; and the mere statement to the operator by a young boy that the message was important, to hurry it through, does not indicate either that it was of financial importance, nor does it indicate the nature of its importance, nor does it indicate that it has any pecuniary value whatever.   Daniels v. Telegraph Co., 61 Texas, 453; Primrose v. Telegraph Co., 154 U. S., 33; Beaupre v. Telegraph Co., 21 Minn., 161; Candee v. Telegraph Co., 17 Am. Rep., 459; Telegraph Co. v. McKinney, 2 Will. C. C., 645; Railway v. Loonie, 82 Texas, 324.

2.   A petition in a case of this character which fails to state when the plaintiff ascertained the sale had fallen through, or at what place the cotton sold was, or when or where it was resold, is fatally defective, and it is error to overrule special exceptions to these points.   Perry v. Herbert, 8 Texas, 5; Caldwell v. Halsey, 3 Texas, 319; Mims v. Mitchell, 1 Texas, 448; Railway v. Montier, 61 Texas, 122; Canales v. Perez, 65 Texas, 294; Lewis v. Railway, 73 Texas, 507.

*John T. Garrison* and *Ingraham & Ratcliffe*, for appellees Davidson, Hardeman & Co.—Where a telegraph company receives a cipher message, and is informed at the time of delivery that it is a message of importance and to rush it through, this is sufficient notice to charge the company with the importance of its contents, and it is chargeable with notice of every incidental fact that would attend the transaction; and if the company wishes to inform itself as to the contents of the message, it is its duty to make further inquiry as to the import and importance of same.   32 S. W. Rep., 707; 12 S. W. Rep., 41; Id. 857.

*M. R. Geer*, for appellee Western Union Telegraph Co.

WILLIAMS, ASSOCIATE JUSTICE.—Appellees sued appellant and the Western Union Telegraph Co. for damages resulting from delay in transmitting a telegram.   Appellant has a telegraph line from Nacogdoches to Houston, and the Western Union Company one from Houston to New Orleans.   On the 9th day of October, 1894, appellees, at Nacogdoches, received from H. Dessommes, at New Orleans, a telegram, wholly in cipher, but which, when translated, contained an offer to purchase of appellants 100 bales of cotton, at a given price, provided the offer was accepted by wire the same evening.   Appellee replied by telegram, also wholly in cipher, which contained an acceptance of the offer.   The telegram was a day message, and was paid for as such, but appellant, in sending it to Houston, changed it into a night message, and, in consequence of this mistake, it was not delivered at New Orleans until the morning of October 19th, and, the price of cotton having

declined, Dessommes refused to make the trade. The action was for the loss sustained.

The case was tried below by jury, and verdict and judgment were rendered in favor of the Western Union Company, but against the appellant. The judgment in favor of the former company is not attacked, and, as there is no joint interest of it and appellant involved in the case, the judgment as to it will be affirmed.

The evidence adduced at the trial shows that defendant's agent did not know the meaning of either dispatch, nor to what they had reference. The agent knew that appellees dealt in cotton, and also that they bought and sold merchandise. The dispatch was carried to appellant's office by a boy fifteen years old, who is not shown to have known its contents, but who delivered it with a verbal message from appellees to the agent to rush it through, as it was very important.

The charge of the court authorized a recovery, upon these facts, of the loss claimed by appellants as the result of their failure to make the sale, and refused an instruction that plaintiffs were only entitled to recover the charge paid for the message. We think the charge was erroneous, and that the special charge should have been given. It is well settled that senders of cipher messages cannot recover consequential damages resulting from negligent delay in delivering them, unless the telegraph company is acquainted in some way with the nature of the matter to which the message relates, so that the damages likely to result from the delay may be said to have been within the contemplation of the parties. Daniels v. Telegraph Co., 61 Texas, 453; Primrose v. Telegraph Co., 154 U. S., 33.

None of the authorities in this State cited in support of the judgment deny this doctrine, but on the contrary, all of them recognize it. In some of them it is said to be the duty of the telegraph company where the message carries its meaning on its face, and indicates the subject to which it relates, to make inquiry, if it desires further information, concerning collateral facts and details. When it can be seen what the telegram is about, these remarks are all very correct, and it is only in reference to telegrams of that character that they are made. The telegrams in question might, so far as any one could know from reading them, have been about almost any conceivable matter. The information given to the agent that the last one was important left the matter where it was before. The fact that the wire was used was enough to convey that information, and it was defendant's duty, without instructions, to send the message with all reasonable dispatch.

The decision in the case of the Western Union Telegraph Co. v. Nagle, 32 S. W. Rep., 707, does not go to the extent of sustaining this judgment. The holding there is, in substance, that the circumstances of the case were sufficient to notify the company what the message related to. Here there is nothing whatever to give such notice to the defendant. The rule is that the defendant, to be made responsible for damages such as are here claimed, must be put upon notice of the nature

of the matter to which the message relates, either by the message itself or by extraneous evidence. In most of the cases relied on by appellee, the information was given by the message itself. In the Nagle case, it was held to have been partly by the message (which was not entirely in cipher) and partly by other evidence. Here it was not given in either way.

As the evidence now stands, plaintiffs show no right to recover beyond the fee paid for sending the message. The fact that the message was unrepeated, though it was in cipher, will not excuse defendant from that liability, if it changed it from a day message into a night message, and thus caused the delay in sending it. But admitting a cause of action on this ground, it does not follow that such negligence would authorize the recovery of consequential damages such as above discussed, any more than would any other negligent delay, as appellees' counsel seem to contend. It is but negligence, at last, causing delay in the delivery of the message, and the measure of damages is to be determined as in any other similar case.

The petition failed to allege the time when appellees learned of the refusal of Dessommes to take the cotton, and where the cotton then was. Special exceptions pointed out these omissions, and we think they should have been sustained. The correct measure of damages, if plaintiffs could show a right to recover for the loss, would, we think, be the difference between the price Dessommes would have paid and the market value of the cotton at the place where it was situated when appellees learned that the trade had fallen through. If they were to ship the cotton to New Orleans to get the price offered by Dessommes, the cost of so doing, should, of course, be deducted from this difference. This being so, it was important that the defendant should be notified by the pleading where the cotton was and of the time when plaintiff received the information, as its price at that time and place was to form the basis of the calculation. With this measure of damages to be applied, it was immaterial when plaintiffs sold the cotton. If, however, the defendant should desire to show that plaintiff had eventually sold it at a loss less than such as the measure above laid down would give, it could do so in diminution of damages. In order to make the case set up by plaintiffs, it would be necessary for them to show that by reasonable diligence the defendant could have delivered the telegram on the 9th at such time as that the cotton would have been taken by Dessommes.

All of the points urged, so far as necessary, are disposed of in what we have said.

Affirmed as to the Western Union Telegraph Company and reversed and remanded as to Houston, East & West Texas Railway Telegraph Company.

*Reversed and remanded.*