## R. F. BROWN v. CHY POPE.

Decided November 20, 1901.

1.—Trespass—Venue—Tenant—Subletting.

Cutting and removing timber from plaintiff's land by one claiming as a subtenant under a lessee of plaintiff who had not consented to the subletting, was a trespass on which suit could be brought in the county where it was committed though defendant resided in another.

2.—Trespass—Cutting Timber—Damages.

A trespasser cutting and removing timber from the land of another is liable in damages for the value of the wood in its converted condition.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

*T. A. Blair* and *Z. I. Harlan,* for appellant.

*Wiley C. Jones* and *Rice & Bartlett,* for appellee.

COLLARD, Associate Justice.—The nature and result of this suit is correctly stated in appellant's brief, as follows: On January 12, 1900, appellee sued appellant in the Justice Court, Precinct No. 5, of Falls County for $182 for the alleged "tort and trespass in cutting and carrying away" from his premises 104 cords of wood, of the alleged value of $1.75 per cord. In due order of pleading, defendant filed in said Justice Court his plea of privilege to be sued in the county and precinct of his residence, McLennan County, which being overruled, a trial was had in said court which resulted in a judgment against appellant for $78. From this judgment he appealed to the County Court of said county. On trial in said County Court and in due order of pleading, he again presented his said plea of privilege, which was again overruled, to which he duly excepted, and a like judgment for $78 was rendered against him in said County Court, from which last judgment he prosecutes this appeal on statement of facts and assignments of errors.

In the fall of 1897 plaintiff below leased to one A. J. Harper 21 acres of cultivated land in Falls County, and in a few days thereafter leased 26½ acres of woodland in the same county, each lease to run two years from January 1, 1898. The 21 acres of cultivated land were leased for $80, and for the 26½ acres of woodland, Harper was to clear it, fence it with three strands of wire, and put it in a state of cultivation, for which the tenant was to have all the wood cut from it and all the produce raised upon it during the term. Plaintiff shortly after this moved to the Indian Territory, and did not return to Texas until late in October or near the first of November, 1899. In his absence, and without his consent, Harper sublet the 26½ acres to R. F. Brown, who cut the wood from same, but did not clear it, fence it, nor put it in a state of cultivation. He moved the wood to Rosenthall, in McLennan County, where he resided, and corded it up for use in running his gin. When plaintiff returned to Texas he found the wood so corded, and demanded payment for it from Brown, who refused to pay for it, as he had bought the lease from Harper in consideration of an account due him by Harper. Pope was not consulted, and knew nothing of the subletting of the land to Brown until about a month before his return from the Territory, and at that time the wood had been cut and placed in Brown's ginyard at Rosenthall.

*Opinion.*—1. The court below overruled defendant's plea of privilege, and it was not error. The statute as to venue provides that suits in courts of justices of the peace shall be commenced in the county and precinct in which the defendant resides (Revised Statutes, article 1556), except in certain cases named, and one of the exceptions is in case of suits for damages for torts, which may be brought in the county and precinct in which the injury is inflicted. Defendant can not claim that he was acting under contract rights in cutting and taking the wood of plaintiff from his land. He did not succeed to the rights of Harper

under his contract with Pope, the plaintiff, because Harper could not sublet the premises without the consent of his landlord. The statute expressly prohibits the subletting of leased premises without the consent of the landlord. Rev. Stats., art. 3250. So it must be held that Brown had no rights as a tenant on the premises of plaintiff, and was in the attitude of a stranger to plaintiff and to the contract of lease, and in assuming to cut plaintiff's timber and remove it committed a tort. The relation of landlord and tenant was forfeited by Harper when he sublet the premises, and Brown at no time was tenant of plaintiff. Railway v. Settegast, 15 S. W. Rep., 230.

2. In proof of damages it was not erroneous to admit proof of the value of the wood as cut and removed to Rosenthall. The measure of damages in case of the taking of timber by a trespasser is the value of the wood in its converted condition. In Railway v. Starr it was correctly decided that when timber is cut and made into crossties without the consent of the owner, the owner can recover of an innocent purchaser the value of the timber in the condition it was when received from the trespasser. "The wood at all stages of the conversion was the property of plaintiff."

3. The evidence amply sustains the verdict as to liability of defendant and amount.

The judgment of the lower court is affirmed.

*Affirmed.*