## W. A. Messer v. D. R. Walton.

### Decided April 4, 1906.

**1.—Trespass—Cutting Timber—Measure of Damages.**

The measure of damages against a trespasser cutting timber from another's land and converting it into posts, where the trespass is not intentional, but through a mistake as to boundaries, is not the market value of the timber after it was so cut and converted into posts, but its value before being converted into such form.

**2.—Trespass—Receiving Benefit.**

Where defendant's contractor cut timber on the land of another through mistake, and not through the direction or negligence of defendant, the latter would not be liable therefor unless he received or appropriated the timber cut.

**3.—Charge—Ignoring or Assuming Facts.**

A charge should not ignore a theory supported by the evidence nor assume as fact a theory contradicted or left in doubt by the evidence.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*McMahon & Curtis* and *W. D. Jennings,* for appellant.—Defendant was responsible in damages for the value of the timber in its converted condition. Missouri, K. & T. Ry. Co. v. Starr, 22 Texas Civ. App., 356; Brown v. Pope, 65 S. W. Rep., 42.

Third assignment of error: The court erred in charging the jury as follows. "If you believe from the evidence that one C. W. Howe cut some wood and posts on plaintiff's land, you will consider the same in estimating damages done plaintiff, if you believe he acted for and under the direction of defendant, such damages to be arrived at under the rules above set out. But if you believe said Howe did cut said wood and posts on plaintiff's land by mistake, and through no negligence or fault of defendant, and that defendant did not thereafter receive said posts or wood, nor derive any benefit therefrom, and did not afterwards ratify and approve of said Howe's acts in cutting same, then in such event, you can not consider such wood and posts cut by said Howe." Rev. Stats., art. 1317; Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; Galveston, H. & S. A. Ry. Co. v. English, 59 S. W. Rep., 626.

The court should have given the special charge requested by plaintiff. St. Louis S. W. Ry. Co. v. Hall, 12 Texas Ct. Rep., 381; Missouri, K. & T. Ry. Co. v. Renfro, 11 Texas Ct. Rep., 314; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; Earle v. Thomas, 14 Texas, 583; Gilkey v. Peeler, 22 Texas, 664.

*Pendleton, Ferguson & Durrett,* for appellee.—Plaintiff was not entitled to recover the market value of the timber in its manufactured state. Texas & N. O. Ry. Co. v. Jones, 77 S. W. Rep., 955; 28 Am. & Eng. Ency. of Law, 543-545.

FISHER, Chief Justice.—This is a suit by the appellant against the appellee to recover damages arising from trespass upon the appellant's land. The specific grounds of damages are based upon the value

of cedar posts and wood alleged to have been taken and converted by appellee.

The only question in the case is as to whether the trial court properly submitted the correct measure of damages, and whether or not the jury awarded the amount the appellant was entitled to recover. It is contended by appellant that he was entitled to recover the market value of the cedar timber converted into posts and wood. In opposition it is urged by appellee that, as the trespass was unintentional, and the timber was cut and removed under the mistaken belief by appellee that it was on his land, he would only be liable for the value of the timber at the time it was cut.

The evidence in the record shows that the appellant and appellee were owners of adjoining tracts upon which was situated cedar brakes; and there is also evidence to the effect that the employes of appellee, who were engaged in the work of cutting the timber, by mistake crossed the dividing line between the two tracts and cut timber upon the appellant's land, under the belief that they were cutting on the land of appellee. There is possibly some evidence in opposition to this view; but however this may be, the trial court submitted both issues to the jury. The court, in effect, instructed the jury that if the parties were guilty of negligence in going upon the appellant's land, or if the trespass was intentional, then the appellant would be entitled to recover the value of the timber in its converted condition. They were also instructed that if the trespass was the result if inadvertence or mistake, then the measure of damages would be the mere value of the timber at the time it was cut. This last instruction finds support in the case of Texas & N. O. Ry. Co. v. Jones, 77 S. W. Rep., 955, in which the cases of Missouri, K. & T. Ry. Co. v. Starr, 22 Texas Civ. App., 356, and Brown v. Pope, 65 S. W. Rep., 42, are distinguished. The two last cases were properly decided on the facts, and we do not regard that they are overruled by the first case cited, or that there is any conflict between the cases. As a further case bearing upon this subject, we refer to Hooper v. Smith, 53 S. W. Rep., 65.

What we have said disposes of the first and second assignments of error. The charge complained of in the third assignment of error was properly given; and what we have said also disposes of the fourth assignment of error.

The charge requested by the appellant, which the court refused, and which is set out in the fifth assignment of error is as follows: "You are further charged that it is not necessary to make defendant liable for a tort that the wood and timber should have been removed, but if you believe that there were 206 posts cut on plaintiff's land and left thereon under a contract or agreement between defendant and one C. W. Howe, and if the said Howe cut said 206 posts and 12 cords of wood by direction of defendant upon plaintiff's land and cut said posts, that the defendant was negligent in failing to inform said Howe of the boundary line, then the defendant would be liable, notwithstanding the ignorance or mistake of said Howe in crossing the boundary line and cutting the timber, and you should find for plaintiff the reasonable market value of said posts."

There is some evidence in the record tending to show that Howe was not the agent or the servant of the appellee at the time he cut

some of the posts and wood in controversy.  It seems that he was given permission by the appellee to go upon the ground and cut posts and wood, for which he was to account to the appellee.  The charge, to some extent, ignores this phase of the evidence; but the most serious objection to the charge is that it assumes that if the appellee negligently failed to inform Howe of the boundary line, then he would be liable, notwithstanding the ignorance or mistake of Howe in crossing the boundary line. Howe testified that he cut some of the wood on Messer's land while he was working for Walton, and that he got some wood from Walton on the east side of the line.  "Postun showed me and said it was the dividing line between Walton and Messer.  The line was marked on trees and rocks."  Then he goes on and testifies as to the quantity of wood that he cut.  If the defendant failed to inform Howe as to the whereabouts of the dividing line, such failure would not be actionable negligence, provided Howe knew of the existence of the line from other sources.  There is no evidence whatever in the record tending to contradict the testimony of Howe that he was informed as to the whereabouts of the dividing line.  If he possessed such information, and knew of the location of the line, it would not be necessary for the appellee to give him further information upon that subject.  The charge ignores this evidence.

The requested charge uses the expression that "if said Howe cut said 206 posts and 12 cords of wood by direction of defendant upon plaintiff's land, etc."  That expression was calculated to convey to the jury the idea that the defendant directed Howe to cut the timber upon plaintiff's land.  There is no evidence warranting that asumption.  The defendant gave Howe permission to go upon his land and cut timber, but he did not direct Howe to cut timber upon plaintiff's land.  Assuming this to be a fact, or either submitting it as a question to be passed upon, is not justified by the evidence in the record.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*