SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY ET AL. v. DAVE FLOOD.

Decided June 13, 1908.

1.—Telephone Company—Failure to Deliver Notice of Call—Notice of Damages.

A telephone company cannot be made liable for damages resulting from its negligent failure to notify one for whom a call is put in unless it is informed in some way of the nature, purpose and subject matter of the proposed conversation, so that the damages likely to result from such failure may be said to have been within the contemplation of the parties.

2.—Same—Case Stated.

Notice to a telephone company that a stock man at one point wished to talk with a stock man at another point, was not sufficient to charge the company with notice that the party calling desired to purchase a carload of mules from the party called for.

3.—Same—Measure of Damage.

In a suit against a telephone company for damages for failure to deliver notice of a long-distance call, a charge which authorized a recovery by plaintiff for the difference between the price for which plaintiff could have sold a carload of mules had the notice been given, and the price which by the exercise of reasonable diligence he thereafter sold the mules for, was erroneous in that it only required diligence in obtaining a price and not in disposing of the mules.

4.—Telephone Company—Nature of Business.

The nature of a telephone company's business is not the transmission of

messages but to find and bring to the telephone office the party for whom a call is made.

**5.—Same—Negligence—Insufficient Evidence.**

In a suit against a telephone company for damages for failure to give notice of a long-distance call, evidence considered, and held insufficient to support a finding of negligence.

Appeal from the County Court of Collin County. Tried below before Hon. John Church.

*McLaurin & Wozencraft, W. S. Bramlitt, D. A. Frank* and *J. R. Speilman,* for appellants.

*W. S. Terrell* and *Abernathy & Abernathy,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit brought by Dave Flood, plaintiff below and appellee herein, against The Southwestern Telegraph & Telephone Company and Pioneer Telephone & Telegraph Company, defendants below and appellants herein, filed in the County Court of Collin County, Texas, for damages in the sum of $900 for actual and exemplary damages alleged to have been suffered by the plaintiff because the defendants failed to give him long distance connection on a call put in for him on January 11, 1906, by one Glenn Stiff, at McKinney, Texas, whereby he lost the sale of certain mules to Stiff. A trial was had in the same cause on the 22d day of July, 1907, with the aid of a jury, and resulted in a verdict and judgment for the plaintiff against the defendants in the sum of $700 actual damages. The court allowed the plaintiff to file a remittitur of $280, to which action the defendants excepted. Defendants' motion for new trial having been overruled, they perfected an appeal to this court.

On the morning of January 11, 1906, Glenn Stiff, who resides at McKinney, Texas, desired to purchase a carload of mules. Having been told by Dave Flood, of Durant, Indian Territory, that he had some mules for sale, Stiff called up appellant Southwestern Telegraph & Telephone Company's long distance operator, and told her he wanted to talk with Dave Flood, the mule man, at Durant, Indian Territory. The line of the Southwestern Telegraph and Telephone Company does not run to Durant, Indian Territory, but only extends to Denison, where it connects with the line of the Pioneer Telephone & Telegraph Company, which last named company's lines extend to Durant. Glenn Stiff failed to get Dave Flood, and did not get to talk with him over the telephone. Later in the day another party at Durant called up Glenn Stiff at McKinney, and asked him if he was in the market for a carload of mules. Stiff replied he was, and went up to Durant on the one o'clock train and purchased a carload of mules from the other party. Stiff testified: "I had been told by Mr. Flood a few days previous to my putting the call in that he had some mules for sale, and I called him up to see whether or not he still had them. If I had learned that he still had the mules I intended to go up there and look at them and see whether he and I could make a deal; that is, whether or not they were suitable for what I wanted them, and whether I could purchase them

at a figure satisfactory to me. If I had ascertained by the telephone conversation that he had some mules I would have gone up there for the purpose of seeing whether or not I could have bought them, for the purpose of determining the character of the mules. Of course, the price would have entered into consideration. We would have to agree to all that after my going to Durant."

Appellant's seventh assignment of error is as follows: "The court erred in that portion of his main charge wherein he tells the jury that, in order for the defendants to be guilty of negligence, there must have been some information brought home to the defendants that would reasonably put them on notice that damages might possibly follow a failure to transmit the message sued on; for that, the whole evidence shows that defendants accepted or received a telephone call from Glenn Stiff for plaintiff, and never accepted a message, and the evidence further shows that defendants had no knowledge as to the nature or purpose of such call, and had no information regarding the same such as would put either defendant upon inquiry, and the testimony is uncontroverted that the only information given to either defendant was that Glenn Stiff wanted to talk with Dave Flood, a mule man or stock man, at Durant, and such information was given defendant The Southwestern Telegraph & Telephone Company only; and under such evidence it is a question of law for the court to determine whether or not defendant is liable, in a suit on such a contract, to transmit and deliver notice of a telephone call."

The only evidence tending to show knowledge on the part of the appellants of the nature and purpose of the call put in by Stiff, for Flood, was the testimony of Stiff that he told the long distance operator that he wanted to talk with Dave Flood, the mule man, at Durant. Stiff testified that everybody in McKinney knew he was in the mule business. If this is so, the company had notice that Stiff, a man in the mule business at McKinney, wanted to talk with Flood, a mule man at Durant. This is the extent of the knowledge of the operator of the telephone company of the nature and purpose of the call. Is this information sufficient to bring to the attention of appellants and their agents notice that Glenn Stiff, of McKinney, Texas, desired to purchase a carload of mules of Dave Flood, of Durant, and that the object of the call was to enable him to ascertain whether Flood had the mules on hand, and, if so, that Stiff intended to go to Durant to make the purchase? We think not. The fact that Stiff, a man in the mule business at McKinney, wanted to talk with Dave Flood, a mule man at Durant, gave no notice of the purpose of putting in the call. It is clear that the appellants could not be made liable for consequential damages resulting from their negligent failure to notify one for whom a call is put in of the fact that another party desired to talk with him over the telephone unless they were acquainted in some way of the nature, purpose and subject matter of the proposed conversation, so that the damages likely to result from such failure may be said to have been within the contemplation of the parties. Such is the rule in telegraph cases, and the same rule is applicable to telephone companies. Daniel v. Western U. Tel. Co., 61 Texas, 453; Primrose v. Western U. Tel. Co., 154 U. S., 33; Houston, E. & W. T. Ry. Tel. Co. v. Davidson, 15 Texas Civ. App., 334; South-

western Tel. & Tel. Co. v. Gotcher, 93 Texas, 114. There being no notice to appellants of the nature and purpose of the call put in by Stiff for Dave Flood, the court erred in submitting the issue to the jury. Western U. Tel. Co. v. Carter, 85 Texas, 580; Western U. Tel. Co. v. True, 106 S. W., 315.

On the measure of damages the court charged the jury as follows: "When the negligence of a telephone company, in the transmission or delivery of a message, operates to prevent a sale by plaintiff which he would otherwise have consummated, the measure of the damages for which the company is responsible is the difference between the price that would have been realized had the sale not been so prevented and the price which the plaintiff, in the exercise of reasonable diligence, is thereafter able to obtain, together with the expenses necessarily incurred in consequence of the delay or failure." This charge is assailed on the ground that, where no contract existed between plaintiff, the party for whom the call was put in, and the sender of the call to sell the mules at a fixed price, the measure of damages for the failure to sell them to the sender of a telephone call is the difference in the market value of the mules at the time plaintiff should have received notice of the call and the time he could have sold the mules by diligent effort. The plaintiff testified that there was no market value for the mules in Durant after Stiff made the purchase of Fibus; that he traded and swapped some of them, and took some to Sherman and traded and swapped them to first one man and then another. That, after deducting expenses, he finally averaged about $127.50 all round for the mules. It took about three months to dispose of the mules. This charge authorized a recovery by plaintiff for the difference between the price for which plaintiff could have sold the mules to Stiff and the price which, by the exercise of reasonable diligence, he thereafter sold the same for, including the necessary expenses for the delay. It only required of plaintiff the use of reasonable diligence in obtaining the price for the mules. It did not require the exercise of reasonable diligence on the part of plaintiff in disposing of the mules. The plaintiff, under this charge, could have waited indefinitely before selling the mules, and still recover, if he exercised reasonable diligence in reference to the price. This was error. The jury should have been instructed that plaintiff's measure of damages was the difference in the market value of the mules at the time he should have received notice of the call and the time when he could have sold the mules by the use of reasonable diligence. Again, this charge assumes that appellants were engaged in the transmission of messages. This is not strictly accurate, as their business was not the transmission of messages, but to find and bring to the telephone office the party for whom the call was put in. Southwestern Tel. & Tel. Co. v. Gotcher, *supra*.

The appellants requested a special charge instructing a verdict in favor of defendants, and the action of the court in refusing to give the same is assigned as error. This assignment is well taken. Under the undisputed facts the court should have instructed a verdict for defendants.

The judgment is reversed and judgment here rendered for appellants.

*Reversed and rendered.*