### A. S. HAVARD ET UX. V. CARTER-KELLY LUMBER COMPANY.

·Decided February 5, 1910.

**Deed—Sale of Timber—Construction.**

By a deed the owner of land sold and conveyed "all the pine timber twelve inches in diameter at the stump, now standing, growing and being situated upon" the land, the purchaser to have ten years in which to cut and remove the timber. Held, the purpose of the contract was to convey to the purchaser all pine timber of the dimensions of twelve inches and over at the stump, and not merely such timber as was exactly twelve inches.

Appeal from the District Court of Angelina County. Tried below before Hon. James I. Perkins.

*W. J. Townsend,* for appellants.

*Mantooth & Collins,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—The Carter-Kelly Lumber Company, claiming to have purchased from appellants' all the pine timber twelve inches and more in diameter at the stump on the two hundred acres of land of appellants, brought this suit seeking to have construed by the court the following deed executed by appellants to it, viz.:

"Know all men by these presents, that we, A. S. Havard and E. A. Havard, husband and wife, of the county of Angelina and State of Texas, for [and] in consideration of the sum of two thousand dollars to us in hand paid by Carter-Kelly Lumber Company, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto said Carter-Kelly Lumber Company, of the county of Angelina and State of Texas, all the pine timber twelve inches in diameter at the stump now standing, growing and being situated upon the following described two hundred acres of land." Here follows the description of the land, the clause

of general warranty, and a stipulation that the purchaser should have ten years within which to cut and remove the timber. The deed was signed and duly acknowledged by both appellants, the wife's acknowledgment being in the form required by the statutes.

Appellee pleaded that the legal effect of the deed was to divest appellants of the title of all timber on said land of the dimensions of twelve inches in diameter and over at the stump, and to vest the title in it, and prayed that the deed be so construed. Appellee in the alternative prayed for other relief, the nature of which, in the view we take of the case, need not be set out.

Defendants answered by general denial and plea of not guilty, admitted the execution by them of the deed, and specially pleaded that they did not by their deed sell to appellee any timber of greater dimensions at the stump than twelve inches, and prayed that the deed be so construed. They also set up other defenses which we think were not material to a proper disposition of the case, and need not be further adverted to.

The case was tried before a jury and, under instructions from the court, a verdict was returned for appellee, upon which a judgment was duly entered construing the deed as prayed for by appellee, and from which judgment Havard and wife have prosecuted this appeal, and assign as error the action of the court in instructing a verdict for appellee.

We think the assignment is not well taken and must be overruled. Dennis Simmons Lumber Co. v. Corey, 140 N. C., 462 (6 L. R. A. (N. S.), 468), is a case very similar in its facts to this. The conveyance described the timber sold as "all pine timber that will measure 12 inches at the stump 18 inches above the ground." In that case, as in this, the defendant contended that the conveyance was only of timber 12 inches in diameter, and that trees of larger dimensions did not pass by the conveyance. In construing the deed the court says:

"Nothing remains now to be determined but the true meaning of the words of the contract, "all the pine timber that will measure 12 inches at the stump 18 inches above the ground when cut." There can be no well-founded doubt, we think, that the vendor intended by the contract to sell, and the vendee to buy, all timber standing on the land which was found to be not less in diameter than 12 inches, by measurement to be made 18 inches from the ground, at the time the trees are reached in the process of cutting. If the contract is read in the manner we have suggested, its effect, of course, will be to pass to the plaintiff the property in timber which is of the dimensions stated in its demand upon the defendants when it tendered payment of the money and also the deed for execution; the terms we have used being but the converse of those we find in the deed, and having, of course, the same meaning. This must be the true construction of the contract, as we can not for a moment suppose that the plaintiff, under the circumstances, would enter into a contract to cut trees exactly 12 inches in diameter for $2,000, payable within five years, with the privilege of ten years to cut them. Such a contract, to say the least of it, would be anomalous, and we agree with His Honor that the defendants were not authorized to put such a construction upon it. The

parties surely did not contemplate that so uncertain an interest in the trees should pass. The plaintiff could not well know that there were any trees of that exact dimension in the forest, and if any, how many were there, or that any would attain that growth within the period named, nor can it be imagined for what purpose trees of that particular size would be needed, or why the time for cutting them was extended throughout so long a period. The evident purpose was to preserve the small standing trees until they had grown to sufficient size to be valuable as timber, and to prevent the forest from being unnecessarily denuded. These and other considerations lead us to reject the defendant's construction of the contract as contrary to the real meaning of the parties."

We think the construction placed upon the conveyance in the above case is correct, the reasoning sound, and we adopt the conclusion there reached as our own.

There are several other assignments urged by appellants for a reversal of the judgment, but they are not presented in such a way as to require or authorize us to consider them. None of them is followed by a statement from the record sufficient to explain and support the assignment or proposition with reference to the pages of the record, as required by rule 31. The judgment of the court below is affirmed.

*Affirmed.*