SOUTHERN NATIONAL INSURANCE COMPANY v. F. W. WOOD.

Decided December 14, 1910.

**1.—Assignment of Error.**

An assignment should show whether the error alleged consisted in rulings as to admission of evidence, in charges given or refused, in refusing a new trial, or in some other particular. One that does not identify the proceeding complained of is insufficient.

**2.—Same—Briefs—Statement.**

An assignment or proposition followed by no statement or by an insufficient one will not be considered. Examples: reference to the transcript for a bill of exceptions to show what evidence was admitted and over what objections; giving or refusing charges which are not copied.

3.—Evidence—Household Goods—Value to Insured.

The admission of evidence by the insured as to the value of the property (household goods) to her was not ground for reversal where the verdict, as to amount, was sustained by other evidence not controverted, no market value for such second-hand goods was shown, and her estimate appeared to be based, not on any sentimental valuation, but on the cost of replacing them. The latter and not what they could be sold for as second-hand goods, was the measure of damages.

Appeal from the County Court of Washington County. Tried below before Hon. W. R. Ewing.

*Mathis, Buchanan & Stone,* for appellant.

*W. W. Searcy,* for appellee.

JENKINS, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellant on an insurance policy for $600 on furniture and household goods, issued in favor of M. C. May and by her transferred to appellee Wood. There is no contention that the insured was in any way responsible for the fire. The property destroyed consisted of such household and kitchen furniture as parlor and bedroom suites, chairs, stoves, tables, curtains, shades, pictures, lamps, matting, sideboard, books, bookcases, kitchen furniture, etc., and a piano, all of which had been used for from three to four years. M. C. May was a negress and a married woman, and, being unable to get a satisfactory settlement with the insurance company, she, with the consent of her husband, transferred the policy to appellee Wood, a white man, under an agreement that if he collected the policy without suit, he was to have $50 for his services, and if by suit, he was to have $100. He was also to loan her $50 on said policy, if she needed it, which he did.

Appellee objects to the consideration of a number of the assignments of error made by appellant. We hold that the following assignments are not in compliance with the rules for the reasons herein stated, and consequently the same will not be considered, towit: The third, fourth, fifth, seventh and tenth assignments of error begin as follows: "The court erred because the undisputed testimony shows, etc." The seventh assignment is as follows: "The court erred because G. T. May and M. C. May or neither of them are parties to this suit, and the evidence shows that the policy sued on is the community property of the said G. T. and M. C. May, husband and wife." The thirteenth assignment is as follows: "The court erred because by the terms and conditions of the policy," etc., setting out in said assignment what purports to be a clause of said policy in reference to any encumbrance on the property insured or any part thereof. It does not appear from either of said assignments in what the court erred; whether in its rulings as to the admission of evidence, in charges given or refused, in refusing a new trial, or in some other particular. Rule 24 provides that "the assignment of error must distinctly specify the ground of error relied on, and a ground of error not distinctly specified, in reference to that which is

shown in the record, or not specified at all, shall be considered waived." Rule 25 declares: "To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or rejection of evidence, or upon any other matter relating to the cause, or its trial, or the portion of the charge given or refused, etc."

The twentieth assignment is not followed by any statement of any character. The statements under the following assignments are insufficient in this: second assignment is as to admitting in evidence a transfer of the policy to appellee. The only statement under this assignment is: "Bill of exceptions to the above evidence was properly presented. Tr., pp. 36 and 37." By hunting it out in the record, we might ascertain whether or not the evidence complained of in the assignment was admitted, and if so, what were the grounds of the objection thereto, and then by reading the entire record we might determine whether or not the wrongful admission, if any, of said evidence probably affected the result of the trial, and was therefore reversible error; but none of these things are made to appear in the above statement.

The sixth assignment complains of the refusal of the court to give a requested charge. The only statement under this assignment is: "Same as under appellant's third, fourth and fifth assignments of errors." By reference to the statements under these assignments, we find that certain witnesses testified to certain facts, but there is nothing in said statements showing that any charge was asked or refused.

The eighth assignment is as to the refusal of the court to give a special charge. The only statement under this assignment is: "Same as under seventh assignment of error." The statement under the seventh assignment makes no reference to any requested charge. The same applies to the eleventh and twelfth assignments of error. The only statement under the fourteenth and fifteenth assignments is: "The above requested charge is correctly set out."

The only statement under the sixteenth, seventeenth, eighteenth, nineteenth, twenty-first and twenty-second assignments is: "Said assignment is correctly set out"; by which we presume is meant that these assignments are correctly copied in the brief. This is no statement at all as is contemplated by the rules. Rule 30 provides that each assignment of error shall be followed by one or more propositions, accordingly as the assignment includes one or more points. Rule 31 provides that "To each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof contained in the record, as will be necessary and sufficient to explain and support the proposition with reference to the pages of the record." (For rules, see 67 S. W., 401.) These rules have been the subject of frequent discussion and decision by the courts of this State. In support of our ruling herein, we refer to Havard v. Carter-Kelly Lumber Co., 59 Texas Civ. App., 103,

125 S. W., 928; Stone v. Stitt, 56 Texas Civ. App., 465, 121 S. W., 188; Scanlon v. Galveston, H. & S. A. Ry. Co., 45 Texas Civ. App., 345, 100 S. W., 983; Poland v. Porter, 44 Texas Civ. App., 334, 98 S. W., 216; Western U. Tel. Co. v. Bell, 42 Texas Civ. App., 462, 92 S. W., 1037; Settle v. San Antonio Trac. Co., 126 S. W., 15.

We have examined the authorities on the propositions made by appellant under the above assignments, and will here state that we do not think that this case ought to have been reversed, even though said assignments of error had in all things conformed to the rules.

In the foregoing part of this opinion we have disposed of all of appellant's assignments of error, except the first and twenty-third. The first assignment is as follows:

"The court erred in admitting over the objection of the defendant the testimony of M. C. May on the value of the property alleged to be destroyed by fire in this that the said M. C. May was asked by the plaintiff's counsel, 'What was the value of the destroyed property to her?' The witness, over the objection of the counsel for the defendant was permitted to answer that the property destroyed by fire was worth to her $1050.85, when the contract of insurance sued on provided that the defendant's company should be liable only for the cash value of the property destroyed by fire, not to exceed $600, because said witness, before she was permitted to testify as to the valuation of the destroyed property should have been required to qualify herself as to the market or cash value of the destroyed property, and there being no allegation in plaintiff's petition claiming any special value of said property to plaintiff, said acts of court in permitting said evidence over the objection of plaintiff was error."

M. C. May produced upon the witness stand an itemized list of the goods destroyed, in which the value of each item was stated, being the same as furnished the insurance company, and the same as attached as an exhibit to plaintiff's petition, amounting in the aggregate to $995.55. She testified that the value as thus given was the price that she paid for the same, and that she had used said articles from three to four years. When asked the market value of said goods, she said she did not know, but that they were worth to her what they cost. The policy was for $600 and the recovery was for that amount. It does not appear that in stating what the goods were worth to her she was putting any sentimental value on the same. She was entitled to recover, not what she could have sold such second-hand goods for in the market, but their cash value to her, that is, what it would have cost to replace the same. If the admission of this testimony was error, its only injurious effect would have been to increase the amount of the verdict. The evidence, aside from this, fully sustains the amount of the verdict. There was no effort made by appellant, either by cross-examining this witness or otherwise, to show that goods of a like character could have been bought in the market for less money. In fact, there was no proof of a market for second-hand household goods. Wells-Fargo Exp. Co. v. Williams, 71 S. W., 315; Texas M. Plow Co. v. Niagara F. Ins. Co., 39 Texas Civ.

App., 168, 87 S. W., 192; German Ins. Co. v. Everett, 36 S. W., 126; International & G. N. Ry. Co. v. Nicholson, 61 Texas, 553; City of Dallas v. Allen, 40 S. W., 325.

The twenty-third assignment of error is that the verdict is excessive. What we have said above disposes of this assignment.

The judgment of the trial court is affirmed.

*Affirmed.*