SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. GIVENS.

(Court of Civil Appeals of Texas. Austin. June 28, 1911.)

1. APPEAL AND ERROR (§§ 285, 289*)—Review —NECESSITY OF MOTION FOR NEW TRIAL.

Motion for new trial is not necessary that errors of law appearing on the record in overruling demurrers and admitting evidence, may be assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1696; Dec. Dig. §§ 285, 289.*]

2. TELEGRAPHS AND TELEPHONES (§ 65*)— FAILURE TO GIVE NOTICE OF CALL—ACTION —PETITION—NOTICE OF NATURE OF MESSAGE.

The petition in an action for mental suffering from failure of a telephone company to notify

plaintiff of a call put in for him, must allege, as essential to a cause of action, that the company had notice of the nature of the message desired to be sent to plaintiff.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

3. TELEGRAPHS AND TELEPHONES (§ 65*) — FAILURE TO GIVE NOTICE OF CALL—ACTION —PETITION.

The petition in an action for mental suffering from failure of a telephone company to promptly notify plaintiff of a call put in for him should allege that, had the message been promptly completed, he would have taken a certain train, it having alleged that this would have been necessary in order for him to reach his father's house in time to see his mother's remains and attend her funeral.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

4. TELEGRAPHS AND TELEPHONES (§ 65*)— PROOF—EVIDENCE OF MATTERS NOT PLEADED.

The petition in an action for mental suffering from failure of a telephone company to promptly notify plaintiff of a call put in for him, not having alleged that the company had notice of the nature of the message desired to be sent to him, a matter essential to its liability, it is error to admit, over objection, evidence that its agents were informed of the nature and purpose of the message; the allegata and probata being required to agree.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 65.*]

5. TELEGRAPHS AND TELEPHONES (§ 38*) — DELAY IN DELIVERING MESSAGE—CONTRIBUTORY NEGLIGENCE.

It is no defense to an action for failure of a telephone company to promptly notify plaintiff of a call put in for him, whereby he was prevented from arriving at his father's house in time for his mother's funeral, that he sent his father a telegram stating when he would arrive, and that had the funeral been delayed a few hours he would have arrived in time therefor, but his father directed it to proceed at the time previously set; as his father was not his agent in the direction of the funeral, but had the right to direct it without consulting him.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

6. TELEGRAPHS AND TELEPHONES (§ 66*)— DELAY IN DELIVERING MESSAGE—ACTION— EVIDENCE.

The evidence showing only inferentially, at most, when it might show with certainty, that had defendant telephone company delivered to plaintiff his message without unreasonable delay, he would have taken the next train from C., where he then was, and would have arrived at K., sooner than he did, and in time for his mother's funeral, it showing only when the next train from C. for T. left, but not showing when it arrived at T., the distance from C. to T., the distance from T. to K., the fact that there was any railroad communication between T. and K., or the schedules of the trains, if any, is insufficient to sustain a judgment for plaintiff for mental suffering in not arriving in time for the funeral.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

Appeal from Navarro County Court; J. M. Blanding, Judge.

Action by Andrew Givens against the Southwestern Telegraph & Telephone Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

A. P. Wozencraft and D. A. Frank, for appellant. Richard Mays, for appellee.

JENKINS, J. Appellee brought suit against appellant to recover damages for mental anguish on account of his inability to attend the burial of his mother. Such inability is alleged to have been caused by the negligence of appellant in failing to complete a phone call within a reasonable time. A trial before a jury resulted in a verdict and judgment for appellee for $500, from which judgment this appeal is prosecuted.

[1] 1. Appellant's assignments of error, except the eleventh, thirteenth, and fifteenth, relate to alleged errors of law committed by the court in overruling appellant's demurrers to appellee's petition, and in admitting evidence over appellant's objections, in refusing special charges requested, and in erroneously charging the jury as to the law applicable to the case. Appellant filed a motion for a new trial in which it assailed the verdict as being contrary to and not supported by the evidence, and bases its eleventh, thirteenth, and fifteenth assignments of error on the grounds set up in said motion. Said motion did not set up the errors of law assigned herein as grounds for new trial, and appellee insists that, for this reason, its assignments in reference to the alleged errors of law should not be considered by this court. The judgment overruling said demurrers and the action of the court in admitting said testimony were duly excepted to, as appears from said judgment and bills of exception in the record.

Alleged errors of law appearing upon the record may be assigned, though not set up in a motion for a new trial. Telegraph Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; Clark & Loftus v. Pearce, 80 Tex. 151, 15 S. W. 787· Black v. Black, 67 S. W. 929.

[2] 2. Appellant's demurrers to appellee's petition should have been sustained for the reason that said petition did not allege that appellant had notice of the nature of the message desired to be sent. Appellee's cause of action is based solely on his mental suffering alleged to have been occasioned by the breach of appellant's contract to promptly notify him of the call which had been put in for him. In such case a telephone company is liable for the mental suffering occasioned by its breach of contract, if such mental suffering by reason of such breach could have been reasonably anticipated by it, but not otherwise. It cannot be said that appellant did or should have anticipated such result, unless it was apprised of the nature of the message desired to be sent. Telephone Co. v. Gotcher, 93 Tex. 117, 53 S. W. 686; Telegraph Co. v. Carter, 85 Tex. 586, 22 S. W. 961, 34 Am. St. Rep. 826; Telephone Co. v.

Flood, 51 Tex. Civ. App. 340, 111 S. W. 1064; Daniel v. Telegraph Co., 61 Tex. 456, 48 Am. Rep. 305; Telegraph Co. v. Davidson, 15 Tex. Civ. App. 334, 39 S. W. 606. Such fact being necessary in the absence of such allegation the petition showed no cause of action.

[3] 3. Appellant's demurrer to appellee's petition should have been sustained for the additional reason that said petition did not allege that appellee would have taken the Cotton Belt train out of Corsicana at 11 p. m. if such message had been promptly completed, which he alleges would have been necessary in order for him to reach his father's house in time to see his mother's remains and attend her funeral. Telegraph Co. v. Bell, 42 Tex. Civ. App. 462, 92 S. W. 1037; Telegraph Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 550; Telegraph Co. v. Hendricks, 26 Tex. Civ. App. 366, 63 S. W. 343; Telegraph Co. v. Brown, 104 Tenn. 56, 55 S. W. 157.

[4] 4. It was error to permit the appellee to prove, over appellant's objection that the same was not pleaded, that appellant's agents were informed of the nature and purpose of the message desired to be sent. The allegata and probata must agree. Facts not alleged, though admitted without objection, will not support a judgment. Telegraph Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 550; Cooper v. Loughlin, 75 Tex. 527, 13 S. W. 37, and authorities cited in these two cases.

5. It follows from what is above said that the court, having erroneously admitted said testimony, should have given appellant's second and third special charges.

[5] 6. We overrule appellant's eleventh and twelfth assignments, which are to the effect that if appellee sent a telegram to his father, notifying him when he would arrive, and appellee's father received said telegram before the burial of appellee's mother, and that by delaying said burial for a few hours appellee would have arrived in time to have viewed his mother's remains and attended her funeral, and that his father directed said funeral to proceed, and had his mother buried before he arrived, appellee could not recover on account of the contributory negligence of his father; the proposition being that appel-lee's father was his agent in this matter. We do not see why it should be held that the father of appellee was his agent in the matter of directing the funeral. He had the right so to do without consulting appellee. Appellee's alleged case is that, notwithstanding his mother was buried at the hour which his father caused her to be buried, and which he had the right to do, he would have arrived before such burial, but for the negligence of appellant.

7. As to the alleged contributory negligence of appellee in walking from Longview to Kilgore, instead of hiring a livery team, that was a matter for the jury. They may have concluded that, under all the circumstances in evidence, a reasonably prudent man would have done as appellant did in reference to this matter. This applies also to the alleged contributory negligence of appellee's agent J. M. Mayfield, complained of in the fifteenth and sixteenth assignments of error.

[6] 8. The evidence is insufficient to sustain the judgment in that it does not show, at least only inferentially, when it might have been made certain, that appellee would have taken the Cotton Belt train at 11 p. m., had he received the message without unnecessary delay, nor that he would have arrived at Kilgore any sooner had he done so. The evidence shows that the Cotton Belt left Corsicana for Tyler at 11 p. m., but it does not show when it arrived at Tyler, the distance from Corsicana to Tyler, the distance from Tyler to Kilgore, nor that there was any railroad communication between Tyler and Kilgore, nor the schedules of such trains, if any.

9. Appellant's eighteenth assignment of error complains of that portion of the court's charge which instructed the jury in reference to the burden of proof. Presumably this charge intended to instruct the jury that the burden of proof was on the defendant to establish its plea of contributory negligence. To say the least of it, the charge is inaptly framed, and we presume will not be given in this form upon another trial.

For the errors indicated, this cause is reversed and remanded.

Reversed and remanded.