## INTERNATIONAL BRIDGE AND TRAMWAY COMPANY v. A. L. McLANE.

### No. 437.

1. **Eminent Domain—Condemnation—Value of Improvements.**—When an entry is made on land by one vested with the power of eminent domain, though it be without the consent, express or implied, of the owner, the latter is not, in a proceeding to condemn and ascertain just compensation, entitled to the value of the improvements placed upon the property to adapt it to the public use intended.

2. **Same—Bridge Company.**—Article 642 of the Revised Statutes does not confer upon a bridge company incorporated thereunder the power of eminent domain in securing ground for its abutments, approaches, and toll houses.

3. **Practice on Appeal—Judgment Not Rendered, When.**—The appellate court will not, upon reversal, render the judgment, where it appears that the prevailing party in the court below was misled as to the sufficiency of the pleadings by an erroneous ruling in his favor, so that he failed to amend as he might have done; but in such case, the cause will be remanded.

ERROR from Webb. Tried below before THOMAS. W. DODD, Esq., Special Judge.

*McLeary & Stayton,* for plaintiff in error.—Where a corporation has entered upon the land of another without condemnation, and has made improvements thereon, the owner of such land is not entitled to have the value of these improvements included in the amount of damages payable to him, and it is error for the court to assess the value of such improvements in estimating the amount of compensation due the land owner. 6 Am. and Eng. Encyc. of Law, 567; 20 Am. and Eng. Ry. Cases, 309; 5 Id., 378; Railway v. Armstrong, 46 Cal., 85; Justice v. Railway, 87 Pa. St., 28.

*E. A. Atlee,* for defendant in error.—Bridge companies are not vested by law with the power of eminent domain, and plaintiff in error was a trespasser on the land sued for. The house built thereon by plaintiff in error became a part of the realty, and was the property of the owner of the soil, for the value of which plaintiff in error should pay if he elects to occupy the same. Const., art. 13, secs. 1, 2; Rev. Stats., art. 575; Green's Brice's Ultra Vires, 371, et seq.; Mills on Em. Dom., chap. 6.

NEILL, ASSOCIATE JUSTICE.—The defendant in error sued plaintiff in error in the ordinary form of trespass to try title to a certain lot of ground in Laredo. Plaintiff in error, after disclaiming title to the land, alleged in its answer, by way of a cross-bill, that by authority of an ordinance of the city of Laredo it constructed a bridge across the Rio Grande, placing the same with its abutments and a toll house in Convent street of said city; that under said ordinance, it had a right to occupy said street and other city property with said bridge and approaches thereto. That it built the abutments of said bridge and toll house appurtenant thereto upon Convent street and city lying along and immediately adjacent to the river, as it then believed and still believes; and that if any portion of its bridge or of its toll house is upon the lot in controversy, it was placed there by mistake as to the true location of said lot, and that it never knowingly took possession of or used the lot to the exclusion of the right or interest of defendant in error. That it is a corporation duly incorporated under the laws of Texas, empowered and authorized to construct a bridge across the Rio Grande at Laredo, Texas, and to collect tolls for crossing the same, and it is necessary to the complete carrying out of its chartered rights and privileges and purposes of incorporation that its bridge should have ample abutments on either bank of the river, and that it should have a toll or guard house attached thereto for a keeper to guard and protect the bridge and collect the tolls; and if any portions of the abutments and toll house are upon the lot, so much of it as is so actually occupied is necessary to the full and complete use and enjoyment of the rights and privileges conferred by its charter. And in that event, it prays that such part of the land be condemned to its use, etc., and for general relief.

The defendant in error, plaintiff below, excepted to so much of the answer as sought to condemn the land, for the reason that it did not show plaintiff in error, defendant below, entitled by law to ask and have such condemnation, and the District Court did not have jurisdiction to grant such relief.

This exception was presented to and overruled by the court and an exception to the ruling reserved by defendant in error.

Upon the cause being submitted to the court, without a jury, the judge in his conclusions of fact found: (1) That the plaintiff is the owner of the land sued for; (2) that defendant had part of the abutment of its bridge and toll house on the lot; (3) that the part of the premises so occupied by defendant is of the rental value of $7.50 per month; (4) that the property so occupied by defendant, including the improvements upon it made by the bridge company, is reasonably worth $400; (5) the land exclusive of the improvements is worth $20; and (6) that defendant is a corporation of the State of Texas, with the right to construct a bridge across the Rio Grande, which it built in 1889, with one of its abutments, together with a toll house, on the east bank of the

river, and that such abutment and toll house are necessary to the purposes for which defendant company was incorporated.

Upon these facts the trial judge predicated the following conclusions of law: "(1) That plaintiff is entitled to a judgment for his rents, to be estimated at $7.50 per month from the 12th day of July, 1891;" and "(2) that under defendant's plea the court has the power and it is its duty to condemn to the use of defendant company the property occupied by it upon defendant paying $400 to plaintiff for his damages, it being the value as shown by the evidence, independent of the rent."

Upon these conclusions of fact and of law judgment was entered in plaintiff's favor for the land and $210 rents, and in favor of defendant, condemning that portion of the premises occupied by the abutment and toll house to its use on paying the plaintiff $400, which judgment provided if the $400 was not paid within forty days from its date, defendant's right to use and occupy the premises should cease, and plaintiff might have his writ of possession therefor. From this judgment this writ of error was sued out.

The errors assigned complain of the court's holding that the plaintiff was entitled to recover the value of the improvements placed by defendant on the land, and in rendering judgment therefor.

When an entry is made by one vested with the power of eminent domain, even without consent, express or implied, the owner, in a proceeding to condemn and ascertain just compensation, is not entitled to the value of the works placed upon the property, though without right, for the purpose of adapting the property to the public use intended. Lewis on Em. Dom., sec. 507; 6 Am. and Eng. Encyc. of Law, 567. Therefore, if the trial court was correct in holding, that "it had the power and it is its duty to condemn the property to the use of defendant company," it was wrong, when endeavoring to fix just compensation, in holding that the owner was entitled to the value of the improvements placed upon the property.

The contention of the defendant in error, as shown by his exception to the answer, the exception reserved to the ruling of the court thereupon, and his brief here, was and is, that the plaintiff in error is not vested with the power of eminent domain, and the court therefore had no jurisdiction to condemn the property. If this contention is correct, and we think it is, his judgment for damages, though he asks it be affirmed here, is without jurisdiction to support it, and therefore void.

The power of eminent domain as an incident of sovereignty, is vested in the Legislature, and can only be exercised by virtue of legislative enactment, and the exercise of the power being against common right, can not be implied or inferred, but must be given in express terms or by necessary implication. "If the act is silent on the subject, and the powers given by it can be exercised without resort to condemnation, it is presumed that the Legislature intended that the necessary property should be acquired by contract." "Thus, the authority to construct

and maintain * * * *bridges*, does not carry with it the right to condemn property." Mills on Em. Dom., sec. 48; Lewis on Em. Dom., secs. 237, 238, 240. In this State, our Legislature has not extended to incorporated bridge companies the right to exercise the power of eminent domain. Rev. Stats., art. 642. And as we have seen, the power is not given by necessary implication. Hence, as before intimated, the judgment of condemnation is absolutely void, and could not, even if the damages had been properly assessed, notwithstanding defendant in error's satisfaction with it, be recognized by an affirmance.

We are asked by the defendant in error, in the event this court should hold the judgment erroneous, to render such judgment as the court below should have rendered. This we would do, were it not for the fact that the erroneous ruling of the court below in overruling the exception of defendant in error, plaintiff below, to the cross-bill of plaintiff in error asking for condemnation of the property, might have prevented the plaintiff in error from amending its pleadings, which it might have done if the court had sustained the exception, for the purpose of showing the improvements were made on the property in good faith and recovering their value.

We think that it would be inequitable to deprive the plaintiff in error of a right, which the record indicates it may have, through an erroneous ruling of the court, though apparently in its favor. Lockwood v. Brownson, 53 Texas, 526. If we should render judgment here in favor of defendant in error for the land in controversy, it would carry with it the right to the improvements of which the plaintiff might have pleaded and recovered the value, which it was doubtless induced by the erroneous ruling of the court to deem unnecessary.

The judgment will be reversed and the cause remanded, with instruction to the District Court to render judgment in favor of the defendant in error for the land sued for, subject to the right of plaintiff in error to amend its pleadings at the next term of court, if it desires to do so, for the purpose of making and trying the issue of value of improvements made in good faith.

*Reversed and remanded.*

Delivered October 10, 1894.

### ON MOTION TO AMEND JUDGMENT.

NEILL, Associate Justice.—Should the plaintiff in error fail to amend its pleadings for the purpose of making and trying the issue of improvements made in good faith, the District Court will, in addition to the judgment in favor of defendant in error for the land in controversy, render judgment in his favor for $210, with interest thereon at the rate of 6 per cent per annum from the 2nd day of November, 1893, damages for the use and occupation of the premises. But should such amendment be made and issue tried, the value of the use and occupation of the premises will be determined and judgment

entered in accordance with the provisions of title 96, chapter 2, of our Revised Statutes.

*Ordered accordingly.*

Delivered November 14, 1894.