SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY v.
W. E. GOTCHER.

No. 829. Decided November 16, 1899.

1. **Charge of Court—Right to Affirmative Instruction—Telephone Company.**

A telephone company which did not undertake to transport and deliver messages, was entitled to a requested charge that it was not its duty so to do (though the charge given based a recovery only on its failure to find and bring to the telephone the party wanted) where the plaintiff's pleadings asserted liability by virtue of such an obligation, and there was evidence to support a finding that, if the obligation existed, it had been violated. (P. 116.)

2. **Same—Contributory Negligence—Agency.**

No damages can be recovered for negligence in failing to bring to the telephone one wanted to receive a message, where the sender, the agent of the complaining party, upon the failure of whose attempt to so communicate the action is based, should, in the exercise of ordinary care, have communicated the message by telegraph or otherwise, after abandoning the attempt to telephone. (Pp. 116, 117.)

3. **Telegraph—Beneficiary—Notice.**

A telegraph company is not responsible to a person not appearing on the face of a telegram or otherwise known to it to be a beneficiary of the contract, for damages for mental suffering resulting from failure to deliver the message, because given no means of anticipating such suffering as a consequence of its negligence. (Pp. 117, 118.)

4. **Same—Telephone Company—Damages—Mental Suffering—Notice.**

Notice to a telephone company that the word sought to be communicated to G. related to the death of a brother of G.'s wife, and sought to secure G.'s attendance at the funeral, was not sufficient to give notice of any interest of G.'s wife in the intelligence or create liability for her mental suffering by failure to receive the word and to attend the funeral. (Pp. 118, 119.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Gotcher sued the Telegraph and Telephone Company, and had judgment, which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*McLaurin & Wozencraft,* for plaintiff in error.—The telephone company's agent at Farmersville, the place from which the message was sent, and at which it is alleged to have been received, having been notified by the person sending the message that Gotcher's wife's brother had died, and that he, the person sending the message, wished that fact to be communicated to Gotcher, and that Gotcher be requested to come to the funeral, was a sufficient basis for the conclusion on the part of the telephone company's agent representing the company in the matter that it was Gotcher alone who was expected to come to the funeral, and that Gotcher's wife was either already present with the deceased, or was not expected to come; and under such circumstances the telephone company would not be liable for any damages resulting from the failure of

Gotcher's wife to receive the intelligence. Telegraph Co. v. Kirk-patrick, 76 Texas, 218; Telegraph Co. v. Edsall, 63 Texas, 678; Telegraph Co. v. Coffin, 30 S. W. Rep., 896; Nichols v. Eddy, 24 S. W. Rep., 316; Telegraph Co. v. Carter, 85 Texas, 580.

The court erred in refusing to give special charge number 3, asked by defendant; because the defendant's answer raises the issue that if defendant was negligent in failing to bring to plaintiff's knowledge the intelligence designed for him or his wife, plaintiff knew this in time to avert the injury to result thereon, and could have done so by ordinary care but failed to do so, there is evidence to support this issue, and the issue is wholly ignored by the general charge of the court. Waco Artesian Water Co. v. Cauble, 47 S. W. Rep., 541; Railway v. Anderson, 85 Texas, 88; Telegraph Co. v. Rosentreter, 80 Texas, 416.

*Yoakum & Vaughan,* for defendant in error.—Under the evidence the court held that the defendant could not be held liable for its agent's contract at Farmersville to deliver a message over its telephone to W. E. Gotcher, and ruled out all the evidence concerning that contract, and did not charge on that issue, and refused all the special charges asked by the defendant, because the agent had exceeded his authority in promising to deliver the message; but did submit the issue as to the efforts of the defendant to secure the presence of W. E. Gotcher at the phone, in order to permit Harvey Spaugh to communicate to Gotcher the facts that Spaugh had related to Dr. Hancock, defendant's agent at Farmersville, that is, that his wife's brother was dead, and such other facts or invitations as they might see proper to communicate to each other.

The failure of plaintiff to resort to other means than the telephone to communicate with Gotcher was not contributory negligence, especially when the defendant, as in this case, failed to show some other means were available. The parties had no reason to resort to other means to communicate with Gotcher, if required to. These corporations, created for the convenience of the people and invested with its exceptional franchises and privileges, should not say to us, "If you want to send messages across the country, you can ride or walk or hunt some other method; we are busy." Telephone Co. v. Wisdom, 85 Texas, 263.

WILLIAMS, ASSOCIATE JUSTICE.—The father of Mrs. Gotcher, the wife of defendant in error, one Hartman, lived about six miles from Farmersville, in Collin County, and about twenty miles from Greenville, in Hunt County, and defendant in error lived with his wife in the last named town. Between the two points plaintiff in error owned and operated a telephone line. A brother of Mrs. Gotcher died at the home of her father, and the latter sent one Spaugh to Farmersville with instructions to telephone or telegraph to Gotcher, advising him of the death of the boy and requesting him and his wife to come to the funeral. Spaugh went to the office in Farmersville, about 12 o'clock m., and told

the agent of plaintiff in error that Mr. Hartman had sent him to the telephone to send W. E. Gotcher word that his wife's brother was dead, and for him, W. E. Gotcher, to come at once. The agent, in calling the operator at Greenville, repeated this statement. Being informed, after an interval, by the Greenville office that Gotcher had not been found, the agent at Farmersville suggested to Spaugh that he return to the office at 3 o'clock p. m., which the latter did. Gotcher had still not been found, and Spaugh, on being so informed, concluded not to wait longer and left without making further effort to communicate with Gotcher. There was evidence tending to show that the desired notice might have been given to him by telegraph or by messenger overland, after the failure of plaintiff in error to find him, in time to have enabled his wife to be present at her brother's funeral.

The company, by its rules and course of business, refuses to undertake the transmission of messages and forbids its agents to perform such services. It only undertakes to bring a person at one point on its line to its office, in order that one at another point desiring to talk with him may do so.

The defendant in error by this action, in which he was plaintiff, sought to recover damages for mental suffering of his wife resulting from being deprived of the opportunity of attending her brother's funeral, the fault of defendant being alleged to have been its failure, first, to transmit and deliver the message to Gotcher, and second, to procure the presence of Gotcher at its office in Greenville in order that Spaugh might deliver the message.

It is evident that there was no obligation upon the company to deliver the message, for the reason that it had not undertaken to perform such service; and the court below seems to have taken this view of the case, in a reason given for a ruling upon the admission of evidence, as shown by a bill of exceptions. But the pleadings asserted such a liability and there was evidence before the jury from which they could have found that, if there was such an obligation resting on plaintiff in error to send and deliver the message, it had been violated. The charge, while giving the law as to the right of recovery based upon the failure to find and bring Gotcher to the telephone, contained no express direction concerning the other cause of action set up in the petition. Plaintiff in error requested charges to the effect that it was not its duty to transmit and deliver messages and that it would not be liable for failure to do so, which were refused.

We think it had the right, upon proper request, to such an affirmative instruction upon the subject as would prevent the jury from acting upon an erroneous conception of the duty of the company.

Plaintiff in error also asked instructions seeking a submission of the question whether or not Spaugh, the agent of defendant in error's wife, upon whose action the right of defendant in error to recover depends, was guilty of contributory negligence in failing, after learning that plaintiff in error had not found Gotcher, to communicate with him by

other means.  We think this question also should have been submitted. If, by such action as a person of ordinary prudence would have taken under the circumstances, Spaugh or Hartman could have gotten the notice to Mrs. Gotcher in time for her to attend the funeral, then the damages to be recovered would not include compensation for her mental suffering resulting from her inability to see her brother buried.

The case is unlike that of Telegraph Company v. Wisdom, 85 Texas, 262.  There the contract of the telegraph company was to transmit and deliver to plaintiff a message addressed to him by his agent.  The agent had the right to rely upon the faithful performance of this obligation, and no occasion existed for him to take other means of conveying the notice, nothing having occurred to suggest such a precaution.  But here the company did not undertake to deliver the message, but to bring Gotcher to its telephone, in order that Spaugh might make the communication.  After failing to find Gotcher, the company notified Spaugh of the fact and the latter failed to take further action.  Whether or not the circumstances were such as to require him as a man of ordinary prudence to employ other modes of communication was a question for the jury.  Telegraph Company v. Jeanes, 88 Texas, 230.  That decision holds to be applicable to this class of actions the principle that "one who is threatened with damage by reason of the negligent conduct of another should exercise reasonable prudence to avert the consequences of such neglect."  While this principle is there applied to the conduct of plaintiff himself, who was the addressee of the message, we think it equally applies here, for the reason that plaintiff's whole case proceeds upon the assumption that Spaugh was the agent of his wife and that his action was taken for her benefit.  As whatever cause of action she may have is derived from action taken by him, it is only such as his conduct gave rise to.  If prudent conduct on his part would have protected her from the suffering of which she complains, she has no right to recover damages for it.  Beach on Con. Neg., sec. 33; Bank v. Cruger, 91 Texas, 446.

We have said this much on the two points just discussed to guide the court below in the event of another trial, though it may be questionable whether or not they are so presented that we would be bound to consider them as reasons for reversal.

The writ of error was granted because we did not think the communications made by Spaugh to the agent of plaintiff in error were such as to put it upon notice of any such consequence of a failure to secure communication with Gotcher as the mental anguish suffered by his wife.

None of the previous decisions authorize the recovery of such damages under similar circumstances, and this court has already expressed its disinclination "to extend the right of recovery in this class of cases beyond the limits already fixed by the decisions of this court."  Telegraph Co. v. Edmondson, 91 Texas, 209, 210.

The decisions have settled the proposition that a telegraph company is not responsible to a person not appearing on the face of a telegram

nor otherwise known to it to be a beneficiary of the contract, for damages for mental suffering resulting from failure to deliver the message, and this for the reason that the company is not given the means of anticipating such suffering as a consequence of its negligence. Telegraph Co. v. Carter, 85 Texas, 585, and authorities cited.

The difference between the cases referred to and this is the fact that plaintiff's wife was mentioned in the communication made by Spaugh to the agent of plaintiff in error. She was mentioned in such a way, however, as to indicate, not that the message was intended for her benefit, but rather that it was not so intended. It was expressly stated that Gotcher was the person wanted at the funeral, and his wife was only mentioned in identifying the deceased as her brother. This naturally suggested the reason why Gotcher was wanted at the funeral. This fact is of controlling importance in determining the consequences to be visited upon the company for a negligent failure to find Gotcher; for it is only for such consequences as it ought to have contemplated and foreseen that it is to be held responsible. The statement in no way implied that the purpose was to give Mrs. Gotcher the privilege of going to the funeral. On the contrary, it might well have been assumed that she was already at her father's and that only her husband's presence was sought. Had the desire to summon her been explained, the company could have avoided any injury to her by notifying her, when it failed to find Gotcher. This it was not asked to do; and, if there was a binding contract, as plaintiff's case assumes, to find Gotcher and bring him to the telephone, it could not have been performed by procuring her presence or that of some other person who could convey the intended notice to her. Telegraph Co. v. Mitchell, 91 Texas, 459. The consequences of a breach of a contract having for its purpose the giving notice to Gotcher would be very different from those flowing from a breach of a contract by which notice was to be given to his wife. Telegraph Co. v. Coffin, 88 Texas, 94.

It is urged that, as the company undertook to put Spaugh in communication with Gotcher in order that Spaugh might deliver such message as he desired, it was unimportant that he failed to notify the agent that his purpose was to give Mrs. Gotcher the opportunity to attend the funeral. The answer to this is that the damage to be recovered of the company for its failure to find Gotcher must be such as was within the contemplation of the parties when the contract was made, and mental suffering of the wife could not have been anticipated unless the company had notice that the communication was to be made to Gotcher for the purpose of enabling his wife to go to the burial of her brother. There was nothing in what transpired to call upon the agent to seek information as to Mrs. Gotcher's interest in the message to be sent, since it appeared on its face to be for Gotcher's benefit alone. The charge of the trial court required the jury to find such notice, but there was no evidence to show it beyond such as was involved in the statement of Spaugh to the agent at Farmersville.

Both the trial court and the Court of Civil Appeals erred in holding that the circumstances appearing were sufficient to put the company on notice of Mrs. Gotcher's interest in the intelligence to be given to Gotcher.

Attention is called by brief of counsel for defendant in error to a statement testified to by Gotcher as having been made to him by the agent at Greenville several days after the transaction took place at Farmersville, from which, it is contended, it might be held that Spaugh stated to the agent at the latter place that both Mr. and Mrs. Gotcher were to be notified in order that they might go to the funeral. But the Court of Civil Appeals found the statements made by Spaugh to the agent to have been as we have given it above; and, besides, the declaration of the agent at Greenville as to what had transpired several days previously between the parties at Farmersville was not competent evidence of the fact in question.

*Reversed and remanded.*