## WESTERN UNION TELEGRAPH CO. v. HERRING.†

(Court of Civil Appeals of Texas. El Paso. April 4, 1912. Rehearing Denied. April 17, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 56*)— DAMAGES — MENTAL ANGUISH — NOTICE OF RELATIONSHIP.

A telegraph company is not responsible in damages for mental anguish suffered from failure to deliver a telegram by one not appearing on the face of the telegram, or otherwise known to the company, as a beneficiary of the contract.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 37; Dec. Dig. § 56.*]

2. TELEGRAPHS AND TELEPHONES (§ 66*)— ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in an action for damages for mental anguish by failure to deliver a telegram announcing the death of plaintiff's father *held* not to show that the telegraph company had notice of any relationship between plaintiff and decedent.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Mrs. Henry Herring against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Wagstaff & Davidson and A. H. Kirby, all of Abilene, N. L. Lindsley, of Dallas, and Geo. H. Fearons, of New York City, for appellant. B. A. Cox and J. F. Cunningham, both of Abilene, for appellee.

HIGGINS, J. This suit was instituted to recover damages in sum of $1,995 for mental anguish suffered by Mrs. Henry Herring on account of the negligent failure of the appellant to transmit and deliver the following message which was sent from Abilene, Tex., on September 25, 1908, viz.: "To Henry Herring, Roswell, N. M.—C. B. died last night at San Antonio. [Signed] Mrs. C. B. Scarbrough." The suit was originally instituted by the husband of Mrs. Herring, but subsequent to the original filing of the suit Henry Herring and wife were divorced and the cause of action herein sued upon was transferred to the wife, who is now prosecuting the suit. Upon the first trial of this case the court peremptorily instructed a verdict for the defendant company, and upon appeal the Ft. Worth Court of Civil Appeals reversed and remanded the cause. Herring v. Western Union Tel. Co., 127 S. W. 882. Upon the second trial judgment was rendered in favor of Mrs. Herring for $750, from which judgment this appeal is prosecuted.

[1] Appellant contends that it had no notice that appellee was the daughter of C. B. Scarbrough, or that the object and purpose of the message was in any wise for the benefit of Mrs. Herring, or that it was to afford information upon which she was to act. In Telegraph Co. v. Gotcher, 93 Tex. 114, 53 S. W. 686, Judge Williams said: "The decisions have settled the proposition that a telegraph company is not responsible to a person not appearing on the face of the telegram nor otherwise known to it to be a beneficiary of the contract for damages for mental suffering resulting from failure to deliver the message, and this for the reason

that the company is not given the means of anticipating such suffering as a consequence of its negligence." See, also, Telegraph Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826; Telegraph Co. v. Kirkpatrick, 76 Tex. 217, 13 S. W. 70, 18 Am. St. Rep. 37; Telegraph Co. v. Coffin, 88 Tex. 94, 30 S. W. 896.

[2] Mrs. Herring not being mentioned upon the face of the telegram, it was incumbent upon the appellee to show that it was otherwise brought to the knowledge of the appellant that she was a beneficiary of the telegram. Ed. Menielle sent the telegram for Mrs. Scarbrough, and it is contended his testimony shows that the telegraph company had notice of Mrs. Herring's interest. Menielle testified that Mrs. Scarbrough gave him a list of names of the children and friends of C. B. Scarbrough to whom she desired telegrams to be sent; that he went to the office of the company and sent the above message to Henry Herring at Roswell; that, when he delivered the telegram, he stated to defendant's agent: " 'I want you to get that off as quick as you can because I want to get his children and friends here.' I stated that C. B. Scarbrough was dead. That I wanted him to get it off as quick as he could as I wanted to get his children and friends here. I did not state anything to him about who I was telegraphing to. I do not think that I told him that it was a relative or friend." At the time Menielle sent the above telegram he sent a similar telegram to a Mrs. Tubbs, another daughter of Scarbrough.

We think it clear that the testimony of Menielle above quoted was insufficient to affect the telegraph company with notice of any relationship existing between Mrs. Herring and Scarbrough, or that any person other than Henry Herring had any interest in the telegram. Indeed, it is insufficient to even suggest that there was such a person as Mrs. Herring. The statements made by Menielle were sufficient to charge the defendant company with notice that Henry Herring was either a relative or a friend of Scarbrough, as was the telegram itself without such statements, but the telegraph company could not have inferred from the statements or the face of the telegram that Henry Herring had a wife, or that any person other than Henry Herring had any interest in the message.

The facts having been fully developed, we are of the opinion that this case should be reversed and rendered.

Our views are in conflict with the views of the Ft. Worth Court of Civil Appeals, as expressed upon the former appeal, and ordinarily we would deem it our duty to certify this question to the Supreme Court. In view, however, of the crowded condition of the docket of that court, and that appellee can carry the case to the Supreme Court upon writ of error if this court is in error in its opinion herein, we have therefore decided not to certify the case.

Reversed and rendered.