SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. DOMINY et ux.

(Court of Civil Appeals of Texas. Texarkana. Oct. 23, 1913.)

TELEGRAPHS AND TELEPHONES (§ 73*)—ACTIONS FOR DAMAGES—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action against a telephone company for failure to deliver a telephone call to persons who would have notified plaintiff of her brother's death, where the evidence showed that the sender of the call was told that such persons were out of town and that a messenger could be hired for $3, it was a question for the jury whether the failure to employ the messenger was contributory negligence, defeating a recovery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 76; Dec. Dig. § 73.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by Robert Dominy and wife against the Southwestern Telegraph & Telephone Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Morris & Fowler, of Palestine, S. P. English, of Dallas, and W. I. Sims, of Palestine, for appellant. Earle Adams, Jr., and J. W. Madden, both of Crockett, for appellees.

LEVY, J. The suit is for damages for alleged negligent failure to deliver a telephone call. Mrs. Beulah Dominy and Hubert Rains were sister and brother. Hubert Rains died at Palestine, at his father's home, between 5 and 6 o'clock a. m. August 28, 1911. On that date Mrs. Dominy was visiting her father-in-law, John Dominy, at his residence about ten miles in the country from New Willard in Polk county. At about 7 o'clock a. m. of August 28th, Mrs. Dominy's father went to the residence of a neighbor, Mr. Cooper, and had Mr. Cooper put in a call for John Dominy at New Willard. At 8:10 the operator reported on the call for John Dominy that he was ten miles in the country and that it would take a messenger fee of $3. The father, R. S. Rains, upon receiving the report through Mr. Cooper, at once directed that the call be canceled and declined to pay a messenger. R. S. Rains then testifies that he at once put in a call with appellant's operator according to his idea, for either Beulah, Barney, or Robert Dominy at New Willard. There is much evidence to the contrary of the testimony of R. S. Rains as to the second call and understanding of its being a call. At 9:03 Oscar Rains, a brother of Mrs. Dominy, then put in a call for Barney or Robert Dominy at New Willard, and the report from there was that Barney was out of town until late in the afternoon. Oscar then told the operator he would return at 6 o'clock p. m. to continue the call. About 6 p. m. Oscar Rains returned, and the call for Barney Dominy was renewed, and at 7 p. m. the report from New Willard was that Barney was not expected to be in town until next morning. The call for Barney Dominy was for the purpose of having him go out to Mrs. Dominy and tell her of the death of her brother and that his funeral would occur the next afternoon at 4 o'clock. She failed to see her brother buried. In order for Mrs. Dominy to have gotten a train to Palestine in time for the funeral, the call for Barney Dominy must have reached him by 11 o'clock a. m., and any message received by Mrs. Dominy later than 7 o'clock p. m. would have been too late for her to have been at the funeral. There was no way to communicate with Mrs. Dominy in the country except for some one to carry the message. It is not deemed necessary to set out other parts of the evidence.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

After careful consideration of the facts of the case, we conclude that the seventeenth assignment of error, complaining of the refusal to grant a new trial on the insufficiency of the evidence in the case, should be sustained. Without commenting on the testimony, the ruling is rested on the conclusion that a finding that a call by R. S. Rains was put in for Barney or Robert Dominy to appellant's operators is against the weight of the evidence. The charge authorized a verdict for appellees upon the finding that R. S. Rains put in a call for Barney Dominy.

The eleventh assignment predicates error upon the refusal to give a special charge on contributory negligence upon the part of R. S. Rains in failing to pay the $3 messenger fee on his call for John Dominy. The sole purpose of communicating with John or Barney Dominy was to have them deliver to Mrs. Dominy information of the death of her brother. She was known to be in the country, inaccessible to a telephone. There was information that John Dominy was in the country, and Barney not at New Willard, and another messenger could be gotten for $3. Whether or not the circumstances were such as to require R. S. Rains (or Oscar Rains), as a person of ordinary prudence, to employ the messenger for communication, was a question for the jury. We think the issue of contributory negligence, which was pleaded, was presented by the evidence in the case. Telephone Co. v. Gotcher, 93 Tex. 114, 53 S. W. 686.

The judgment is reversed, and the cause remanded for another trial.