## WESTERN UNION TELEGRAPH CO. v. ABBOTT et al. (No. 571.)

Court of Civil Appeals of Texas. Eastland. May 3, 1929.

Rehearing Denied May 31, 1929.

D. J. Brookreson, of Benjamin, and William H. Flippen and John W. Miller, both of Dallas, for appellant.

J. S. Kendall, of Munday, for appellees.

LESLIE, J. The plaintiff Nettie Abbott, joined pro forma by her husband, brought this suit against the Western Union Telegraph Company for damages resulting to her by reason of the failure of the telegraph company to transmit and promptly deliver to her husband, Rufe Abbott, the following telegram:

"Date Cisco, Texas, April 7, 1928.

"To—Rufe Abbott, Munday, Texas.

"Jackson wife and six children burned to death in house tonight.

"[Signed] L. E. Clark."

The trial was before the court and jury, and on the latter's answers to special issues a judgment was entered in favor of the plaintiff. The jury estimated her damages for "mental anguish" at the sum of $1,000. The telegraph company appeals.

The petition alleged that the deceased, R. N. Jackson and his wife, Winnie Jackson, and their six children, resided near Cisco, Tex., and that if said telegram had been delivered promptly, she and her husband would have attended the funeral of said deceased persons, but that on account of the negligence of the defendant in failing to transmit and deliver the message with proper dispatch they were deprived of attending the funeral. It was further alleged that Jackson's wife was a sister of plaintiff Nettie Abbott, and that the six children were her nieces and nephews, for whom she had a great attachment. It is further alleged that by reason of her inability to attend the funeral under the circumstances, the plaintiff Nettie Abbott was caused to suffer great mental pain and anguish, for which she sought to recover damages in the sum of $2,000.

At the conclusion of the trial the defendant, telegraph company, requested a peremptory instruction in its favor. This the court refused, and the appellant's first proposition predicates error on the court's action for the reason that the plaintiff did not affirmatively allege and show by proof that the defendant had any notice that the message in suit was intended for the benefit of the plaintiff Mrs. Nettie Abbott.

The second proposition is, in substance, the same, being directed to the action of the trial court in rendering the judgment, since, as contended, it was not alleged or proven that the defendant had any notice that the message directed to Rufe Abbott was intended for the benefit of his wife, Nettie Abbott, or that such person existed.

■ Both propositions are well taken. There is no testimony that in the delivery of the message to the telegraph company the sender, L. E. Clark, notified the appellant's operator that Rufe Abbott had a wife, that she was at Munday, or that any person, other than the addressee, had any interest in the message. In this respect the pleadings are rather meager. Nothing appears in the testimony of the plaintiff or her husband disclosing that the telegraph company had any such notice. The testimony of the operator discloses nothing indicating that the defendant was ever put on notice of Mrs. Nettie Abbott's interest in the message.

Under this state of the record, Mrs. Nettie Abbott's right of recovery cannot be sustained, for it is established by long and unbroken line of authority in this state that, in the absence of notice to the telegraph company that some one aside from the addressee therein is interested in the message, the company will not be liable to such undisclosed person. In other words, the rule is: "That a telegraph company is not responsible to a person not appearing on the face of a telegram, nor otherwise known to it to be a beneficiary of the contract, for damages for mental suffering resulting from failure to deliver the message, and this for the reason that the company is not given the means of anticipating such suffering as a consequence of its negligence." Southwestern T. & T. Co. v. Gotcher, 93 Tex. 114, 53 S. W. 686; W. U. Tel. Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826; W. U. Tel. Co. v. Coleman (Tex. Civ. App.) 284 S. W. 278; and the numerous authorities cited in the above opinions.

Further, there can be no contention in this case that the company was charged with making inquiry, as the face of the message gave no information indicating that Mrs. Nettie Abbott or any person other than Rufe Abbott was interested in the message. The contents of the message gave no such notice, nor was it calculated to put the defendant on inquiry. Meadows v. W. U. T. Co. (Tex. Civ. App.) 216 S. W. 211, and authorities therein cited.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.

### On Rehearing.

On motion for rehearing the appellant insists that the judgment of the trial court should not only be reversed but also rendered. ■ It would be our duty to render the judgment were it not for the fact that the trial court overruled the defendant's special exception assailing the plaintiffs' petition for an alleged insufficiency in not stating or alleging that the defendant had notice of facts that the plaintiff (appellee) was interested in the delivery of the message in suit. This action of the trial court evidently misled the plaintiff in matter of pleading and developing her cause of action, and it becomes this court's duty to reverse and remand the same. We do so upon the authority of Smith v. Patton (Tex. Com. App.) 241 S. W. 109, and the numerous authorities therein cited; International Bridge & Tramway Co. v. McLane, 8 Tex. Civ. App. 665, 28 S. W. 454; Allen et al. v. Clopton (Tex. Civ. App.) 135 S. W. 242.

The record does not show the error to have been harmless.

The motion is overruled.