A P V COMPANY, Inc., et al., Appellants,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

No. 6552.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 7, 1963.

Rehearing Denied March 6, 1963.

Brown & Murray, Ft. Worth, Kelley & Ryan, Houston, G. Gordon Whitman, Ft. Worth, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

McNEILL, Justice.

This appeal is from an order overruling pleas of privilege. The suit was instituted in the District Court of Harris County by U. S. F. & G. Company, appellee, against appellants A P V Company, Inc., R. L. Huff, I. S. Ashburn, Alton Vaughn, George W. Krog and others to recover upon an indemnity agreement in favor of said company. Being non-residents of the county, each of the named defendants filed pleas of privilege; each of such pleas were controverted; and after a postponed hearing thereof, said pleas of privilege were overruled. None of appellants have filed briefs except George W. Krog, and he will be referred to hereinafter as appellant.

When the pleas were controverted, in accordance with Rule 87, Texas Rules of Civil Procedure, the judge set hearing thereon for the 11th day of September, 1961, at 10 o'clock A.M. Proper notice of such hearing, including a copy of the controverting plea and a copy of the judge's notation, was sent by registered mail to each defendant as required by such rule.

On Monday, September 11, 1961, the trial court was not in session and closed due to gulf hurricane "Carla" which struck in the area about that time. Appellant Krog is an attorney and resides in Fort Worth. Although he and Mr. Whitman, another Fort Worth lawyer representing some of appellants, had planned to ride to Houston for the hearing, they did not do so because of bad weather; although Whitman came on and reached Houston Monday afternoon. On the day following, September 12, after a conference with attorneys for appellee, the court postponed the hearing on the pleas of privilege to September 18, 1961. On the postponed date the trial court heard the pleas and overruled them, including that of appellant. Appellant did not appear at the hearing.

Having appealed from the order overruling his plea, appellant urges that proper notice required by law for the hearing on his plea of privilege was not given him, and the trial court abused his discretion in hearing the postponed plea on September 18th.

The record shows that after the court, on September 12, reset the hearing for Monday, September 18th, appellee's attorney attempted to reach appellant in Fort Worth by 'phone. Not being successful, on September 14th he sent appellant a letter by certified mail with return receipt requested, advising him of the hearing to be held on September 18th. In addition to that, appellee's attorney attempted several times to call appellant by long distance 'phone in Fort Worth, without success, until finally on Sunday afternoon, September 17th, about 5 o'clock he reached appellant, and advised him of the hearing to be held the next day. Appellant stated he had been out of town during the week and had not gotten the letter nor any other previous notice of the setting.

Mr. Whitman, the Fort Worth attorney representing part of the non-resident defendants, was again in Houston for the hearing on September 18th. Mr. Whitman

and appellant shared offices in Fort Worth until July, 1961. Appellant called from Fort Worth at 9 A.M. on September 18th and talked to Mr. Whitman in Houston. He was again told by Whitman of the case being set for that day. In the conversation appellant told Whitman that he, appellant, was entitled to 10 days notice of any postponed setting as provided for under Rule 87, and he had not received it. He also stated that he had two appointments during the day in Fort Worth and he had no money to pay for an airplane ticket to Houston. He did not attempt to call the trial judge to ask for a postponement or delay but simply stood on his right as he asserted to receive another notice by registered mail of the hearing as required in the first instance by Rule 87.

■ When the provisions of Rule 87 have once been complied with, and the hearing set by the judge has been postponed, it is the non-resident defendant's duty to use diligence in keeping informed as to when the hearing may be reset. He is not entitled under said rule to a new setting at least 10 days off and notice, as in the first instance. No case has involved this point. However, our construction is upheld by the opinion of the Subcommittee of the State Bar on Interpretation of the Rules. In its opinion found in 8 Tex.Bar Journal, p. 24, it was said:

> "The hearing on the plea can be had (1) upon the date noted by the judge on the controverting plea, or (2) upon any subsequent date to which the judge may postpone the hearing, or (3) upon any date agreed to by all parties subject to the approval of the judge * * *."

McDonald, Tex.Civil Practice, Vol. 1, Sec. 4.53 at p. 454, has adopted this quotation.

■ Appellant also asserts that he was entitled to reasonable notice of the postponed hearing, and notice of less than 24 hours is not sufficient as a matter of law. We hold that it was appellant's duty to have informed himself of the time of the postponed hearing. If more time would have helped appellant, he failed to use the means at hand to secure it when he did not request a delay or postponement, either by appealing directly to the judge or through his fellow Fort Worth attorney. He thus showed lack of diligence. The trial court's order as to appellant is affirmed.

■ No briefs having been filed in behalf of appellants R. L. Huff, I. S. Ashburn, Alton Vaughn and A P V Company, their appeal is dismissed for want of prosecution. Kirby Lumber Corp. v. Walters, Tex.Civ. App., 277 S.W.2d 796.