The SOUTHLAND CORPORATION
OF TEXAS, Appellant,

v.

L. G. DOSS et ux., Appellees.

No. 14515.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 26, 1966.

Stubbeman, McRae, Sealy & Laughlin, Charles Tighe, John Harrell Feldt, Midland, for appellant.

Warren Burnett, Bob Hoblit, Odessa, for appellees.

CADENA, Justice.

This is an appeal by the Southland Corporation of Texas, defendant below, from an order of the District Court of Ector County overruling defendant's plea of privilege to be sued in Dallas County, its domiciliary county.

Plaintiffs' petition alleged that, as the result of the dangerous condition of the premises of defendant's store in Odessa, Ector County, Mrs. Gerre G. Doss, tripped and fell, sustaining physical injury. Plaintiffs seek to maintain venue in Ector County under Subd. 9a, Article 1995, Vernon's Ann.Civ.St., which provides that a suit based on negligence may be brought in the county where the negligence occurred.

Under the express provisions of this subdivision, in order to sustain venue in Ector County, the burden was on plaintiffs to establish, by a preponderance of the evidence, that defendant, or its servants or agents, were guilty of negligent conduct in Ector County which was the proximate cause of the injury to Mrs. Doss.

Mrs. Doss testified that, while shopping in defendant's store, she fell as the result of stepping on a can which was on the floor of one of the aisles. She did not know how long the can had been on the floor. Mr. Doss, over defendant's objection, was allowed to testify to the effect that, some two or three days after the accident, the manager of defendant's store stated that another emlpoyee, who had been stocking canned goods shortly before Mrs. Doss fell, had left the can on the floor. There is no other testimony concerning the manner in which the can came to be on the floor.

It is true that the statements of an agent, made within the scope of his authority, are admissible in evidence against the principal. Here there is no evidence as to the authority of the manager, nor is there any showing that the statement was made in connection with an authorized act, or that it was closely enough connected with the accident to be admissible as a spontaneous admission. Since the statement by the manager was made two or three days after the accident, it amounted to a mere narration of past facts and was not admissible against defendant. Southwestern Telegraph & Telephone Co., v. Gotcher, 93 Tex. 114, 53 S.W. 686 (1899); Edwards v. Montgomery Ward & Co., Tex.Civ.App., 270 S.W.2d 432, wr. ref., n. r. e.

If the evidence of Mr. Doss, which was erroneously admitted, is disregarded, there is no evidence of any act or omission on the part of defendant or any of its employees which might be classified as negligence. Plaintiffs, therefore, failed to establish the venue facts necessary to permit them to maintain this action in Ector County.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to transfer the cause to Dallas County, in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure.