**H. E. BUTT GROCERY COMPANY,**
Appellant,

v.

**John Nelson NEELY, by Next Friend,
Leonard C. Neely, Appellee.**

No. 14615.

Court of Civil Appeals of Texas.

San Antonio.

July 31, 1967.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

G. J. Valdez, Tinsman & Cunningham, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action. Appellee, John Nelson Neely, a minor, suing by his father as next friend, brought this suit against appellant, H. E. Butt Grocery Company, hereinafter referred to as HEB, and Texas Industrial Surveys, hereinafter referred to as TIS, to recover damages for false imprisonment and slander. After a non-jury hearing, the trial court overruled the plea of privilege of HEB, a resident of Nueces County.

On October 14, 1966, appellee, then fifteen years of age, went to a grocery store operated by HEB, at 1601 Nogalitos Street, San Antonio, Texas, to purchase some lunch meat, tomatoes and bread. Appellee was working in his father's service station which was next door to the grocery store and desired to purchase these items for lunch. Appellee discovered, while in the check-out line of the store, that he did not have enough money to pay for the groceries. He returned the bread and lunch meat to the counters where they were obtained but hid the bag of tomatoes behind some cracker boxes in the store. He did this so he could buy these same tomatoes after he obtained the necessary money from the service station. After he left the store to get the money, he was stopped by a detective named David Cantu. Mr. Cantu required appellee to return inside the store and locate the tomatoes. He accused appellee of stealing, although appellee had removed nothing from the store. After showing a police badge to appellee and threatening to take him to Juvenile Court, Cantu finally released him after appellee signed a form designated "Release Papers." Later that afternoon, Cantu informed Mr. Neely that he had caught his son John stealing. This was done in the presence of Mr. Amyx, manager of the HEB store.

Appellee urges that venue is maintainable against HEB in Bexar County on three theories: (1) a cause of action for slander was established against HEB so as to maintain venue under Subd. 29,[1] in that Amyx, manager of this store, slandered appellee by identifying him as Neely's son when Cantu made the accusation of theft; (2) a cause of action was established against TIS, in that its agent, Cantu, falsely imprisoned and slandered appellee, and there is evidence to support a finding that TIS was acting as agent of HEB so as to maintain venue under Subds. 23 and 29;[1] (3) a cause of action was established against TIS, a resident of Bexar County, and since HEB is a proper party to this cause of action, venue is maintainable against it under Subd. 4.[1]

It is seen that there is no allegation in appellee's petition that Amyx slandered appellee. Venue therefore cannot be maintained on this basis against HEB. It is incumbent upon a plaintiff who seeks to maintain venue under a specified exception of the venue statute to plead the essential venue facts which bring the case within that exception. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

1. Art. 1995, Vernon's Ann.Civ.St.

The cause of action against TIS is based upon the actions of Cantu, allegedly acting in the scope of his employment for TIS. Neither Cantu nor anyone connected with TIS testified. The only testimony to connect Cantu with TIS is the following testimony of Leonard C. Neely, regarding a conversation with Amyx as to the identity of Cantu, which was admitted over the objection of HEB that it was hearsay:

"Q Did you talk to Mr. Amyx and ask him who—did you ask Mr. Amyx who Mr. Cantu worked for, what he had to do with the store?

A Well, yes—I didn't need to, because I already—

Q Well, even though you didn't need to, did you?

A Oh, yes. Mr. Amyx told me that Mr Cantu—

(Objection made and overruled.)

Q Go head. Tell us what Mr. Amyx told you.

A Mr. Amyx told me, he said, 'Neely, he's not with H.E.B.' He said, 'We've hired—Mr. Cantu is hired by the H.E.B. Grocery Company, and he works for the Texas Industrial Surveys.' I said, 'Well, I know that because,' I said, I had already talked to my daughter and told her about it. I was discussing it with her, and when I told her Mr. Cantu's name, she said, well, that was one of the detectives that worked for the company that she previously was working for; but she has since been released."

█ It is our opinion that the testimony that Cantu was the agent of TIS was

hearsay and of no probative force. There is no evidence as to the authority of Amyx, or that his statement was made in connection with an act authorized by HEB. Certainly, he would not be authorized to speak for TIS. This conversation with Amyx occurred on an occasion subsequent to the event in controversy, when Neely contacted Amyx to advise that he was going to do something about the wrongful act of Cantu. The statement attributed to Amyx amounted at most to a mere narration of past facts and was not admissible against HEB. Southland Corp. v. Doss, 408 S.W.2d 557 (Tex.Civ.App.—San Antonio 1966, no writ); 2 McCormick & Ray, Texas Evidence § 1164 (2d ed. 1956). Clearly, the statement of Neely's daughter to her father was also hearsay and of no probative force.

█ Since there is no evidence to show that Cantu was acting in the scope of his employment with TIS on the occasion in question, appellee failed to establish a cause of action against it which is essential to maintain venue against HEB under Subds. 23, 29 or 4, Art. 1995, Vernon's Ann.Civ.St.

█ The order overruling HEB's plea of privilege must be reversed. It is obvious that the evidence was not fully developed and that the relationship among these parties can be easily ascertained by discovery procedures. Therefore, in the interest of justice, the cause is remanded to the trial court. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Keeling v. Zoller, 388 S.W.2d 274 (Tex.Civ.App.—San Antonio 1965, no writ); Texas International Products v. Mustex, Inc., 368 S.W.2d 27 (Tex. Civ.App.—Fort Worth 1963, no writ).

The judgment is reversed and the cause remanded for a new trial.