ALAMO EXPRESS, INC. and Macenonio
Hernandez, Appellants,

v.

Jessie STANSELL, Appellee.

No. 14803.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 10, 1969.

Keys, Russell, Watson & Seaman, Corpus Christi, for appellants.

Utter & Chase, Corpus Christi, Nago L. Alaniz, San Diego, for appellee.

BARROW, Chief Justice.

This is an appeal from an order overruling the pleas of privilege filed by appellants, Alamo Express, Inc., and Macedonio Hernandez, in appellee's suit to recover damages allegedly sustained as a result of a collision. The question presented is whether the trial court erred in overruling said pleas of privilege without hearing any evidence, because appellants and/or their attorney was not present at the time set for hearing of said pleas.

This suit was filed in Duval County, Texas. Alamo Express, a resi-

dent of Bexar County, and Hernandez, a resident of Nueces County, each filed a plea of privilege in proper form. Said pleas were duly controverted by appellee and venue urged under Subds. 9, 9a and 4 of Art. 1995, Vernon's Ann.Civ.St. The pleas were subsequently placed on the jury docket and set for hearing at 10:00 a.m. on May 5, 1969, by the trial court. The attorney for appellants was advised by letter of such setting. Neither appellants nor their attorney was present at said time. In this situation the trial court was authorized in its discretion to proceed at this time with the hearing of said pleas.[1] Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891 (1948); Murphy v. Stigall, 352 S.W.2d 918 (Tex. Civ.App.—San Antonio 1961, writ ref'd); A P V Company v. United States Fidelity & Guar. Co., 365 S.W.2d 235 (Tex.Civ.App. —Beaumont 1963, no writ). However, the trial court was not authorized to summarily overrule said pleas without hearing any evidence.

■ Rule 86, Texas Rules of Civil Procedure, provides in part that when a plea of privilege is filed in accordance with such rule it shall be prima facie proof of the defendant's right to change of venue. Accordingly, it is settled that when a legally sufficient plea of privilege is filed, the plaintiff must both *plead* and *prove* the facts relied on to bring the case within one of the venue exceptions. Gulf Oil Corp. v. Smithey, 426 S.W.2d 262 (Tex.Civ. App.—Dallas 1968, writ dism'd); Strickland v. Strickland, 424 S.W.2d 725 (Tex. Civ.App.—Houston (1st) 1968, no writ); Blackmon v. Esmond, 387 S.W.2d 72 (Tex. Civ.App.—Waco 1960, no writ; McDonald, Texas Civil Practice, § 4.52.

■ Appellee urges that appellants waived said pleas of privilege by their lack of diligence. Clearly, venue rights may be expressly or impliedly waived by either party. An express waiver is shown by clear, overt acts evidencing an intent to waiver. An implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon. Green v. Green, 424 S.W.2d 479 (Tex.Civ.App.—Tyler 1968, no writ); Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App.— Dallas 1964, no writ); McDonald, Texas Civil Practice, § 4.40. Here appellants did nothing to invoke the judicial power of the court which was inconsistent with their pleas of privilege. Therefore, they did not waive their pleas of privilege. Cf. Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235 (Tex.Civ.App.—San Antonio 1965, no writ).

■ The error of the trial court in overruling appellants' pleas of privilege without hearing any evidence requires a reversal of this order. It is ordinarily the duty of this Court in such situation, under Rule 434, T.R.C.P., to render the judgment which the trial court should have entered. However, having found error in the judgment of the trial court, we are authorized upon a good and sufficient reason to remand for retrial. Missouri Pacific Railroad Co. v. Whittenburg & Alston, 424 S.W.2d 427 (Tex.Sup.1968); Scott v. Liebman, 404 S.W.2d 288 (Tex.Sup.1966). Here, because of the erroneous theory upon which the order was based, the case was not fully developed. Accordingly, we conclude that this cause should be remanded in the interest of justice. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); H. E. Butt Grocery Co. v. Neely, 417 S.W.2d 759 (Tex.Civ.App.—San Antonio 1967, no writ).

The order overruling appellants' pleas of privilege is reversed and the cause remanded for retrial.

---

[1]. The question of waiver of jury trial is not here presented. See Green v. W. E. Grace Mfg. Co., 422 S.W.2d 723 (Tex. Sup.1968).